UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 23-CV-2096 (PJS/TNL)

                    Plaintiff,

v.                                                          ORDER

JASON MCLEAN,

                    Defendant.

---

James F. Bresnahan II, UNITED STATES DEPARTMENT OF
JUSTICE–TAX DIVISION, for plaintiff.

Tamara Caban-Ramirez, CABAN-RAMIREZ LAW FIRM, for defendant.

This matter is before the Court on (1) the request of defendant Jason McLean to
set aside the entry of default; (2) the government's motion for default judgment; and
(3) the government's oral motion to dissolve the Fed. R. Civ. P. 62 stay.  For the reasons
that follow, McLean's request is denied and the government's motions are granted.

"The court may set aside an entry of default for good cause."  Fed. R. Civ.
P. 55(c).  In determining whether there is good cause, courts consider the
"(1) blameworthiness or culpability of the defaulting party; (2) existence of a
meritorious defense; and (3) prejudice to the other party by setting aside default."
*Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019).

Although this case is in its early stages and setting aside the entry of default would not seriously prejudice the government, the remaining factors weigh against McLean's request.  To begin with, McLean does not identify any defense whatsoever, much less establish that he has a meritorious defense.[1]  *See Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (affirming denial of motion to set aside default where the plaintiff "offered up defenses . . . [but] did not provide a sufficient elaboration of facts or evidence to permit the district court to determine whether, if believed, the defenses were meritorious").  This is likely sufficient, on its own, to deny McLean's request to set aside the default.  *See Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Where no meritorious defense exists, it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable."); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195–97 (3d Cir. 1984) (affirming district court's denial of motion to set aside entry of default where defendant failed to establish a meritorious defense).

As to the blameworthiness or culpability of the defaulting party:  McLean has not been particularly diligent.  McLean was served with the summons and complaint twice

---

[1]Indeed, correspondence from McLean's former attorney that he filed in support of his request to set aside the entry of default suggests that he has no intention of defending this case.  *See* ECF No. 22 at 1 ("Would you be willing to submit the response?  This will give me time to get admitted and settle the case with the Department of Justice.  Again, the client wishes to settle, we do not believe this case will go to trial.").

in July 2023, and his original attorney simply failed to answer. McLean himself was personally aware, as of September 19, 2023, that he was in default. McLean Aff. ¶ 14. While McLean's original attorney was apparently attempting to gain admission to this Court as of late October—an effort that ultimately failed—there is no explanation as to why it took so long for the attorney to determine that she was not eligible for admission. And while McLean himself may have been relying on that attorney's efforts, "a party is responsible for the actions and conduct of his counsel and . . . under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions." *Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 241 (8th Cir. 1977). Accordingly, because McLean has completely failed to identify any sort of defense and because he has not been diligent, his request to set aside the entry of default is denied.

With respect to the government's motion for a default judgment: As reflected on the record at the November 9, 2023, hearing, the government has met all of the prerequisites for obtaining a default judgment pursuant to Fed. R. Civ. P. 55(b) and has adequately supported its motion. *See* Stillman Decl. & Exs. A–B. The Court will therefore grant the motion for entry of a default judgment. The Court notes that, because the government seeks prejudgment interest through the date of judgment, the Court will direct the government to provide an updated proposed order with the total

amount of prejudgment interest included in the judgment amount as of the date that the proposed order is submitted.

Finally, with respect to the government's motion to lift the Fed. R. Civ. P. 62(a) automatic stay: The government seeks to begin collection efforts immediately in light of McLean's plans to sell his Mexican property. Notably, despite being given an opportunity to file a response to the government's motions, McLean did not indicate any opposition to the government's motion to lift the stay. In light of McLean's history of seeking to shield his assets from collection, the government's ability to collect on McLean's tax liabilities may be at stake. The Court will therefore grant the government's motion to lift the stay.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The government's motion for default judgment [ECF No. 11] is GRANTED. The government is directed to submit an updated proposed order that includes the full amount of statutory interest to which it is entitled as of the date that the proposed order is submitted.

2.    The government's oral motion to lift the Fed. R. Civ. P. 62(a) automatic stay, *see* ECF No. 18, is GRANTED.

3.      Defendant's request to set aside the entry of default, *see* ECF No. 20, is

DENIED.

Dated:  December 7, 2023                         s/Patrick J. Schiltz
                                                 Patrick J. Schiltz, Chief Judge
                                                 United States District Court