## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                    Case No. 23-cv-2096 (PJS/TNL)

        Plaintiff,

v.                                                        **ORDER**

Jason McLean,

        Defendant.

This matter comes before the Court on Plaintiff United States of America's Motion to Compel Discovery Responses, ECF No. 42. No response was filed by Defendant Jason McLean. The Court struck the hearing and took this matter under advisement, on the papers. ECF No. 49; *see* D. Minn. LR 7.1(b).

## I. BACKGROUND

In December 2023, judgment was entered against McLean and in favor of the United States "for unpaid federal income taxes for tax years 2016 and 2017 in the amount of $737,679, plus interest and other statutory additions accruing from and after December 7, 2023." ECF No. 29 at 1-2; *see also* ECF No. 30. As part of the judgment, McLean was ordered to "sell any foreign real property that he owns, including real property in Mexico, and repatriate such proceeds to the United States and deposit them in the Court's registry." ECF No. 29 at 1; *see also* ECF No. 30. Thereafter, "the proceeds . . . [would] be distributed to McLean's creditors, including the United States." ECF No. 29 at 1; *see also* ECF No. 30.

In connection with the judgement, the United States served interrogatories and documents requests on McLean. *See generally* Exs. A and B to Decl. of Daniel Applegate, ECF Nos. 44-1 and 44-2. These discovery requests were served on McLean's then-counsel.[1] Applegate Decl. ¶ 1, ECF No. 44. The United States agreed to extend the time for McLean to respond to the discovery requests. *See* Applegate Decl. ¶ 2.

In late March 2024, the Court held a hearing on a motion to withdraw by McLean's then-counsel. *See generally* ECF No. 37. McLean did not appear at the hearing despite being provided with the remote log-in information. During the unsealed portion of the hearing, the Court expressed concern that the totality of the circumstances and record in this case, including but not limited to the record of delayed responses, especially to discovery, support a finding that McLean was engaging in an inappropriate tactic of delay for the sake of delay.

Following this hearing, the United States gave McLean an additional extension up to and including April 30, 2024, to respond to the discovery requests. Applegate Decl. ¶ 3; *see generally* Ex. C to Applegate Decl., ECF No. 44-3. In a letter, McLean was warned that if he did not respond to the discovery requests by April 30, the United States would file a motion to compel and ask the Court to award costs associated with the motion. Ex. C to Applegate Decl., ECF No. 44-3 at 1; *see* Applegate Decl. ¶ 3 (noting then-counsel conveyed United States' letter to McLean). McLean did not respond. Applegate Decl. ¶ 4.

In early May, the United States made further efforts to confer with McLean, e-

---

[1] Defendant's then-counsel was subsequently permitted to withdraw. *See generally* ECF Nos. 37, 38.

mailing him the discovery requests and the prior letter.  Applegate Decl. ¶ 5.  The United States again told McLean that it intended to file a motion compelling McLean to respond to the discovery requests.  Ex. E to Applegate Decl., ECF No. 44-5 at 1.  McLean initially responded that this was "the first communication" he had received since attempting to contact the Internal Revenue Service directly regarding his tax liabilities.  Ex. D to Applegate Decl., ECF No. 44-4 at 1; *see* Applegate Decl. ¶ 6.  The next day, McLean stated that he had "read the first set of requests for documents" that morning and would "gather what [he has] regarding the requests," noting that "[i]t seems that will require some time to assemble."  Ex. E to Applegate Decl., ECF No. 44-5 at 1.

The United States moves for an order compelling McLean to respond to the discovery requests.  The United States also seeks its costs and fees incurred in bringing this motion.  As noted above, McLean has not responded.

## II. ANALYSIS

### A.  Legal Standard

"The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment."  *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998).  Under Rule 69(a) of the Federal Rules of Civil Procedure, a "judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2); *see also* Minn. R. Civ. P. 69 ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules.").  "The purpose of post-judgment

discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *Brit. Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000). "The scope of post[-]judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (quotation omitted). As such, Rule 69(a) "allows the judgment creditor freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *SIM Surgical, LLC v. SpineFrontier, LLC*, No. 4:20-CV-01060-JAR, 2023 WL 1100380, at *2 (E.D. Mo. Jan. 30, 2023) (quotation omitted).

"Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests." *Id.* (citing Fed. R. Civ. P. 69(a)(2)). As for interrogatories, Rule 33 of the Federal Rules of Civil Procedure provides that a "party must serve its answers and any objections within 30 days after being served with the interrogatories" unless a different response time is agreed to by the parties or ordered by the Court. Fed. R. Civ. P. 33(b)(2); *see SIM Surgical*, 2023 WL 1100380, at *2 ("responses to written [post-judgment] discovery must comply with the requirements of Federal Rules of Civil Procedure 33 and 34, including the time to respond and waiver of objections if not timely raised"). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see SIM Surgical*, 2023 WL 1100380, at *2. Similarly, with respect to document requests, Rule 34 provides that a party "must respond in writing within 30 days after being served" unless a different response time is agreed to by the parties or ordered by the Court. Fed. R. Civ. P.

4

34(b)(2)(A); *see SIM Surgical*, 2023 WL 1100380, at *2. And, while "Rule 34 does not contain explicit language providing that a failure to timely object to discovery constitutes a waiver of those objections," "courts in this District have adopted a rule that such a waiver is implied into Rule 34 for late objections unless the Court excuses the failure for good cause shown." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 1307884, at *5 (D. Minn. Mar. 22, 2019) (citing cases); *see also, e.g.*, *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012).

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling a discovery response when a party fails to answer an interrogatory or produce documents in response to a document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, when a motion to compel is granted, Rule 37 provides that the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### B. Discovery Requests

The United States' motion is granted as to the requested discovery. The interrogatories ask McLean to provide information related to his sources of income,

business interests, foreign and domestic bank and financial accounts, and foreign and domestic real property. Among other things, the document requests seek financial and investment account statements; documents related to the foreign property McLean was ordered to sell; documents related to foreign property owned "through a Fideicomiso (also known as a bank trust)," Ex. A to Applegate Decl., ECF No, 44-1 at 3; and documents related to other rental property.

Based on the record before the Court, McLean has utterly failed to respond to the United States' interrogatories and document requests. The Court has already expressed its concern about McLean's delayed responses to discovery. McLean had more than four months to respond and failed to do so. Any objections to these discovery requests are waived. **On or before July 16, 2024**, McLean must provide to the United States: (1) his responses to the United States' First Set of Collection Interrogatories to Judgment Debtor Jason McLean served on December 8, 2023, signed under penalties of perjury, *see generally* Ex. A to Applegate Decl., ECF No. 44-1; and (2) all responsive documents and electronically stored information in response to the United States' First Set of Requests for Production of Documents to Judgment Debtor Jason McLean served on December 8, 2023, *see generally* Ex. B to Applegate Decl., ECF No. 44-2.

McLean is expressly cautioned that a failure to comply with this Order "may be treated as contempt of court under Rule 37." *Bigham v. R & S Heating*, No. 14-cv-1357 (DWF), 2020 WL 6743481, at *7 (D. Minn. Nov. 17, 2020); *see* Fed. R. Civ. P. 37(b)(2)(A)(vii) (option to treat failure to comply with discovery order as contempt of court); *see also, e.g.*, *Edeh v. Carruthers*, No. 10-cv-2860 (RHK/JSM), 2011 WL

4808194, at *2-5 (D. Minn. Sept. 20, 2011) (recommending finding of civil contempt and sanction of imprisonment for failure to comply with post-judgment discovery order), *report and recommendation adopted*, 2011 WL 4808191 (D. Minn. Oct. 11, 2011).  "The objective of a court's contempt power is 'to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Bricklayers & Allied Craftworkers Serv. Corp. v. O'Hara Masonry, Inc.*, No. 22-cv-2003 (KMM/TNL), 2023 WL 4580971, at *1 (D. Minn. July 18, 2023) (quoting *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000)).

### C. Fees & Costs

As stated above, Rule 37 provides that, when a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

McLean did not respond to the United States' motion.  McLean has not offered any justification to the Court for his failure to respond to the propounded discovery, let alone substantial justification.  McLean has not even argued that expenses should not be awarded here.

Accordingly, McLean shall bear the reasonable expenses, including attorney fees,

incurred by the United States in bringing this motion to compel. Such expenses shall be set forth by the United States in an affidavit of counsel filed no later than **July 16, 2024**. McLean may respond to the requested amounts no later than **August 6, 2024**.

### III. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The United States' Motion to Compel Discovery Responses, ECF No. 42, is **GRANTED**.

2. **On or before July 16, 2024**, McLean must provide to the United States: (1) his responses to the United States' First Set of Collection Interrogatories to Judgment Debtor Jason McLean served on December 8, 2023, signed under penalties of perjury, *see generally* Ex. A to Applegate Decl., ECF No. 44-1; and (2) all responsive documents and electronically stored information in response to the United States' First Set of Requests for Production of Documents to Judgment Debtor Jason McLean served on December 8, 2023, *see generally* Ex. B to Applegate Decl., ECF No. 44-2.

3. **On or before July 16, 2024**, the United States shall file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing the motion to compel.

4. **On or before August 6, 2024**, McLean may file a response to the amounts requested by the United States.

5. All prior consistent orders remain in full force and effect.

[Continued on next page.]

8

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: June___24___, 2024

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. McLean*
Case No. 23-cv-2096 (PJS/TNL)