UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cv-2096 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jason McLean, | |
| Defendant. | |

Daniel A. Applegate, United States Department of Justice, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044-7238 (for Plaintiff); and

Jason McLean, 21 Camino De La Carreta, Cabo San Lucas, Mexico (pro se Defendant).

This matter comes before the Court on Plaintiff United States of America's second Motion to Compel Discovery Responses, ECF No. 52. No response was filed by Defendant Jason McLean. The Court struck the hearing and took this matter under advisement, on the papers. ECF No. 58; *see* D. Minn. LR 7.1(b).

## I. BACKGROUND

As stated in the Court's June 24, 2024 Order on the United States' first motion to compel, *see* ECF No. 50, and reiterated here for relevancy purposes, in December of 2023, judgment was entered against McLean and in favor of the United States "for unpaid federal income taxes for tax years 2016 and 2017 in the amount of $737,679, plus interest and other statutory additions accruing from and after December 7, 2023." ECF No. 29 at 1-2; *see also* ECF No. 30. As part of the judgment, McLean was ordered to "sell any foreign

1

real property that he owns, including real property in Mexico, and repatriate such proceeds to the United States and deposit them in the Court's registry." ECF No. 29 at 1; *see also* ECF No. 30. Thereafter, "the proceeds . . . [would] be distributed to McLean's creditors, including the United States." ECF No. 29 at 1; *see also* ECF No. 30.

In connection with the judgement, the United States served interrogatories and document requests on McLean. *See generally* Exs. A and B to Decl. of Daniel Applegate, ECF Nos. 44-1 and 44-2. These discovery requests were served on McLean's then-counsel.[1] Applegate Decl. ¶ 1, ECF No. 44. The United States agreed to extend the time for McLean to respond to the discovery requests. *See* Applegate Decl. ¶ 2, ECF No. 44.

In late March 2024, the Court held a hearing on a motion to withdraw by McLean's then-counsel. *See generally* ECF No. 37. McLean did not appear at the hearing despite being provided with the remote log-in information. During the unsealed portion of the hearing, the Court expressed concern that the totality of the circumstances and record in this case, including but not limited to the record of delayed responses, especially to discovery, support a finding that McLean was engaging in an inappropriate tactic of delay for the sake of delay.

Following this hearing, the United States gave McLean an additional extension up to and including April 30, 2024, to respond to the discovery requests. Applegate Decl. ¶ 3, ECF No. 44; *see generally* Ex. C to Applegate Decl., ECF No. 44-3. In a letter, McLean was warned that if he did not respond to the discovery requests by April 30th, the United

---

[1] Defendant's then-counsel was subsequently permitted to withdraw. *See generally* ECF Nos. 37 and 38.

States would file a motion to compel and ask the Court to award costs associated with the motion. Ex. C to Applegate Decl., ECF No. 44-3 at 1; *see* Applegate Decl. ¶ 3, ECF No. 44 (noting then-counsel conveyed the United States' letter to McLean). McLean did not respond. Applegate Decl. ¶ 4, ECF No. 44; *see also* Applegate Decl. ¶¶ 5-6, ECF No. 44; Exs. D and E to Applegate Decl., ECF Nos. 44-4 and 44-5.

The United States then moved for an order compelling McLean to respond to the discovery requests. *See* ECF No. 42. McLean did not respond. On June 24, 2024, the Court granted the United States' motion to compel and ordered McLean to provide the requested discovery on or before July 16, 2024. ECF No. 50. The United States provided McLean with a copy of the Court's June 24, 2024 Order, but McLean has not complied with that Court Order. See Pl.'s Mem. in Supp. at 2-3, ECF No. 54. The United States intends to file a motion to hold McLean in contempt for failing to comply with the Court's June 24, 2024 Order. *Id.* at n.1.

Also, in connection with the December 2023 judgment, the United States served on June 25, 2024 its second set of interrogatories and document requests on McLean. Applegate Decl. ¶ 1, ECF No. 55; *see generally* Exs. A and B to Applegate Decl., ECF Nos. 55-1 and 55-2. McLean has not responded to the United States' second set of interrogatories and document requests. Applegate Decl. ¶ 5, ECF No. 55. McLean has now also failed to respond to the United States' second set of interrogatories and document requests, leading to the second motion to compel that is now before the Court. *See generally* ECF No. 52; *see* Applegate Decl. ¶¶ 1-5, ECF No. 55; Exs. C-E to Applegate Decl., ECF Nos. 55-3, 55-4, and 55-5.

3

## II. ANALYSIS

### A. Legal Standard

"The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). Under Rule 69(a) of the Federal Rules of Civil Procedure, a "judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also* Minn. R. Civ. P. 69 ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules."). "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *Brit. Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000). "The scope of post[-]judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (quotation omitted). As such, Rule 69(a) "allows the judgment creditor freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *SIM Surgical, LLC v. SpineFrontier, LLC*, No. 4:20-CV-01060-JAR, 2023 WL 1100380, at *2 (E.D. Mo. Jan. 30, 2023) (quotation omitted).

"Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests." *Id.* (citing Fed. R. Civ. P. 69(a)(2)). As for interrogatories, Rule 33 of the Federal Rules of Civil Procedure provides that a "party must serve its answers and any objections within 30 days after being served with the interrogatories" unless a different

response time is agreed to by the parties or ordered by the Court. Fed. R. Civ. P. 33(b)(2); *see SIM Surgical*, 2023 WL 1100380, at *2 ("[R]esponses to written [post-judgment] discovery must comply with the requirements of Federal Rules of Civil Procedure 33 and 34, including the time to respond and waiver of objections if not timely raised"). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see SIM Surgical*, 2023 WL 1100380, at *2. Similarly, with respect to document requests, Rule 34 provides that a party "must respond in writing within 30 days after being served" unless a different response time is agreed to by the parties or ordered by the Court. Fed. R. Civ. P. 34(b)(2)(A); *see SIM Surgical*, 2023 WL 1100380, at *2. And, while "Rule 34 does not contain explicit language providing that a failure to timely object to discovery constitutes a waiver of those objections," "courts in this District have adopted a rule that such a waiver is implied into Rule 34 for late objections unless the Court excuses the failure for good cause shown." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 1307884, at *5 (D. Minn. Mar. 22, 2019) (citing cases); *see also, e.g.*, *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012).

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling a discovery response when a party fails to answer an interrogatory or produce documents in response to document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Further, when a motion to compel is granted, Rule 37 provides that the Court "must, after giving an opportunity to be

heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### B. Discovery Requests

As for the second set of requested discovery, the United States' motion is granted. The additional "interrogatories ask McLean to identify the steps he has taken to sell the real property in Mexico (as the Court's December 8, 2023 [O]rder requires), information regarding real estate listings for that real property, and offers made (and any rejections of such offers) to purchase that real property." Pl.'s Mem. in Supp. at 6; *see* Ex. A to Applegate Decl., ECF No. 55-1. The document requests seek "documents regarding appraisals, offers, contracts, title documents, and real estate listings for the real property in Mexico." Pl.'s Mem. in Supp. at 6; *see* Ex. B to Applegate Decl., ECF No. 55-2.

Based on the record before the Court, McLean has failed to respond to the United States' second interrogatories and document requests. The Court has already expressed its concern about McLean's delayed responses to discovery and re-emphasizes the inappropriateness of McLean's tactic of delay for the purpose of frustrating the United States' collection of its debt. McLean has had several months to respond to the United States' second discovery requests, yet McLean continues his non-responsive pattern of practice. Any objections to the United States' second discovery requests are waived. **On or**

**before November 18, 2024**, McLean must provide to the United States: (1) his responses to the United States' Second Set of Collection Interrogatories to Judgment Debtor Jason McLean served on June 25, 2024, signed under penalties of perjury, *see generally* Ex. A to Applegate Decl., ECF No. 55-1; and (2) all responsive documents and electronically stored information in response to the United States' Second Set of Requests for Production of Documents to Judgment Debtor Jason McLean served on June 25, 2024, *see generally* Ex. B to Applegate Decl., ECF No. 55-2.

McLean is expressly cautioned that his continued failure to comply with this Order and other orders "may be treated as contempt of court under Rule 37." *Bigham v. R & S Heating*, No. 14-cv-1357 (DWF), 2020 WL 6743481, at *7 (D. Minn. Nov. 17, 2020); *see* Fed. R. Civ. P. 37(b)(2)(A)(vii) (option to treat failure to comply with discovery order as contempt of court); *see also, e.g.*, *Edeh v. Carruthers*, No. 10-cv-2860 (RHK/JSM), 2011 WL 4808194, at *2-5 (D. Minn. Sept. 20, 2011) (recommending finding of civil contempt and sanction of imprisonment for failure to comply with post-judgment discovery order), *report and recommendation adopted*, 2011 WL 4808191 (D. Minn. Oct. 11, 2011). "The objective of a court's contempt power is 'to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Bricklayers & Allied Craftworkers Serv. Corp. v. O'Hara Masonry, Inc.*, No. 22-cv-2003 (KMM/TNL), 2023 WL 4580971, at *1 (D. Minn. July 18, 2023) (quoting *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000)). *See also Paisley Park Enterprises, Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 2710703, at *2-4 (D. Minn. June 28, 2019) (recommending some defendants to be held in contempt for violating a court order

requiring compliance with the plaintiffs' subpoena), *report and recommendation adopted*, 2019 WL 4080782 (D. Minn. Aug. 29, 2019). The Court also anticipates a motion for contempt of court to be filed in connection to McLean's utter failure to comply with this Court's June 24, 2024 Order.

### C. Fees & Costs

As stated above, Rule 37 provides that, when a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

McLean did not respond to the United States' now second motion to compel. McLean has not offered any justification to the Court for his continued failure to respond to the propounded discovery, let alone substantial justification. The record is also absent any argument by McLean that expenses should not be awarded here.

Accordingly, McLean shall bear the reasonable expenses, including attorney fees, incurred by the United States in bringing this second motion to compel. Such expenses shall be set forth by the United States in an affidavit of counsel filed no later than **November 18, 2024**. McLean may respond to the requested amounts no later than **December 5, 2024**.

### III. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The United States' second Motion to Compel Discovery Responses, ECF No. 52, is **GRANTED**.

2. **On or before November 18, 2024**, McLean must provide to the United States: (1) his responses to the United States' Second Set of Collection Interrogatories to Judgment Debtor Jason McLean served on June 25, 2024, signed under penalties of perjury, *see generally* Ex. A to Applegate Decl., ECF No. 55-1; and (2) all responsive documents and electronically stored information in response to the United States' Second Set of Requests for Production of Documents to Judgment Debtor Jason McLean served on June 25, 2024, *see generally* Ex. B to Applegate Decl., ECF No. 55-2.

3. **On or before November 18, 2024**, the United States shall file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing the motion to compel.

4. **On or before December 5, 2024**, McLean may file a response to the amounts requested by the United States.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: November 4, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. McLean*
Case No. 23-cv-2096 (PJS/TNL)