UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cv-2096 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jason McLean, | |
| Defendant. | |

Daniel A. Applegate, United States Department of Justice, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044-7238 (for Plaintiff); and

Jason McLean, 21 Camino De La Carreta, Cabo San Lucas, Mexico (pro se Defendant).

# I. BACKGROUND

On November 4, 2024, among other things, the Court ordered Defendant Jason McLean to pay Plaintiff United States of America's reasonable attorney fees and costs associated with the United States bringing its second Motion to Compel Discovery Responses, ECF No. 52. *See* ECF No. 60 at 8-9. The Court ordered the United States to "file an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing the motion to compel." *Id*. at 9. McLean was given an opportunity to "file a response to the amounts requested by the United States." *Id*.

In its declaration, the United States requests a total attorney fee award of $836.33, for 4.75 hours of work at an hourly rate of $176.07 per hour. Decl. of Daniel Applegate ¶ 5, ECF No. 61. McLean did not file any response or objection to the United States'

1

declaration.

## II. ANALYSIS

The Court already determined that an award of reasonable attorney fees and costs is appropriate. *See* ECF No. 60. Federal courts have "substantial discretion" when determining the reasonableness of attorney fees. *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorney fees bears the burden of showing that the fees sought are reasonable. *Hensley*, 461 U.S. at 437. To address reasonableness of fees, courts use the "lodestar" method set forth in *Hensley*. *See Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). Under the "lodestar" approach, the amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the amount, federal courts multiply the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

"[C]ourts must determine whether the hours claimed were reasonably expended . . . [and] should weigh the hours claimed against their own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (quotation and citations omitted). "Hours that are excessive, redundant, or otherwise unnecessary must be excluded from the district court's determination of reasonable time expended on the case." *Miller v. Dugan*, 764 F.3d 826,

832 (8th Cir. 2014) (quotation omitted); *see also Skender v. Eden Isle Corp.*, 33 F.4th 515, 521 (8th Cir. 2022) ("[T]he court may exclude hours that were not reasonably expended."). At the same time, however, "[q]uantifying the appropriate level of 'lawyering' is not an exact science." *J.W. ex rel. Tolbert v. Saint Paul Pub. Schs. Indep. Sch. Dist. No. 625*, 12-cv-1369 (DWF/JSM), 2013 WL 5177471, at *6 (D. Minn. Sept. 13, 2013); *see, e.g.*, *In Re Nat'l Hockey League Players' Concussion Inj. Litig.*, MDL No. 14-2551 (SRN/BRT), 2017 WL 3276873, at *5 (D. Minn. July 31, 2017) ("[N]o precise rule or formula applies to the determination of reasonableness of the time expended."). The party seeking attorney's fees bears the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

First, the Court finds that the hourly rates requested by the United States are reasonable. The record reflects that the United States' counsel is employed as a trial attorney with the Tax Division of the United States Department of Justice and retains an hourly pay rate of $123.71 and a standard overhead charge of $52.36. Decl. of Applegate ¶¶ 1, 3. Based on both the United States' counsel's submissions and the Court's knowledge of and experience with the prevailing rates in this legal market, the Court finds that the rate requested by the United States, $176.07 per hour, to be reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience. *See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The Court next finds that the number of hours the United States' counsel expended

on the motion to be reasonable. When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (quotation omitted). Therefore, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. The record reflects that the United States' counsel spent only 4.75 hours on matters related to the United States' second motion to compel, including .75 minutes drafting correspondence to, and reviewing correspondence from McLean and 4 hours drafting and filing the United States' second motion. Decl. of Applegate ¶¶ 4-5.

The Court has reviewed the declaration submitted by the United States' counsel and finds that the declaration supporting the fee request for 4.75 hours to be detailed and reasonable. The Court further finds that the United States reasonably expended these hours and that the hours are not "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434. Based on the record before the Court, the Court concludes that the United States' counsel reasonably expended 4.75 hours, and the United States is awarded reasonable attorney fees in the amount of $836.33.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff United States is awarded reasonable attorney fees in the amount of $836.33.

2. **These amounts shall be paid by McLean to the United States within 30 days from the date of this Order.**

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December 5, 2024

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. McLean*
Case No. 23-cv-2096 (PJS/TNL)